UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AFFYMETRIX, INC. and
GREGORY L. KIRK,

        Plaintiffs,

   vs.

ILLUMINA, INC.,

        Defendant.

Case No. 3:11-cv-00184-bbc

**ILLUMINA'S RESPONSE TO PLAINTIFFS' MOTION TO REOPEN AND OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR A HEARING ON INVENTORSHIP**

    Illumina responds to Plaintiffs' motion to reopen (Dkt. #48) and opposes Plaintiffs' renewed motion for a hearing on inventorship (Dkt. #49) as follows:

    1.    Illumina does not oppose Plaintiffs' motion to reopen this action.

    2.    Upon reopening this action, Illumina respectfully requests that the Court dismiss this action because Plaintiffs' claims are barred (i) under the doctrine of *res judicata*; and (ii) pursuant to Federal Rule of Civil Procedure 13(a) because they were compulsory counterclaims in the prior litigation. (*See* Illumina opening and reply briefs in support of its motion to dismiss (Dkt. #19 & 33).) Affymetrix's claims should be dismissed because it was a party to the prior action. (*Id.*) Gregory Kirk's claims should be dismissed because he was in privity with Affymetrix in the previous action. (*Id.*)

    3.    The fact that this Court and the Federal Circuit only decided the issue of infringement on the merits (and not inventorship) does not save Plaintiffs' claims in this case from dismissal. *Res judicata* "'bars not only those issues which were actually decided in a prior

suit, but also all other issues which could have been raised in that action.'" *Cole v. Bd. of Trs.*, 497 F.3d 770, 772 (7th Cir. 2007) (citation omitted). In other words, *res judicata* applies even if the prior claim was not actually litigated. *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir. 1988) ("In contrast to collateral estoppel, which bars issues actually litigated and decided in a previous lawsuit, the doctrine of 'res judicata bars not only those issues which were actually decided in the prior action but also any issues which could have been raised.'") (citations omitted). The same is true of Rule 13(a): "COMPULSORY COUNTERCLAIM. (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R Civ. P. 13(a).

   4. In the event the Court determines that Affymetrix's claims should be dismissed but is uncertain as to whether Kirk was in privity with Affymetrix in the prior litigation, Illumina respectfully requests limited discovery and additional briefing on this issue before this action proceeds on the merits.

   5. In the event the Court denies Illumina's motion to dismiss, Illumina disagrees that inventorship is ripe for resolution. As set forth in Illumina's previous brief in opposition to Plaintiffs' motion to set a hearing on inventorship, additional discovery is necessary and warranted before this action is ready for resolution. (*See* Illumina Br. at 2-4 (Dkt. #23).) In particular, Illumina should be allowed additional discovery on the issue of laches. (*Id.*) Laches is a defense to a claim for correction of inventorship and is a viable defense in this action. (*Id.*) Laches was not at issue in the prior litigation, which is why Illumina did not seek extensive discovery on this issue then. (*Id.*)

6.     In addition to laches, Illumina should be allowed to seek discovery from Plaintiffs regarding any agreements and arrangements between them that were not discovered during the prior litigation.  The agreement between Affymetrix and Kirk that was discovered during the prior litigation did not seem to contemplate a standalone action for correction of inventorship brought by both Affymetrix and Kirk.  (*See* 2/8/10 Agreement between Affymetrix and Kirk §§ 3.2 & 3.3 (Dkt. #130-24 in Case No. 09-cv-277-bbc).)  Thus, it is possible that Affymetrix and Kirk entered into a more recent agreement or arrangement pertaining to this action.  Any such arrangement could be relevant to Kirk's bias as a witness, especially if it includes a monetary incentive.

7.     Illumina should also be allowed to serve interrogatories and requests for admission on Kirk on the issue of laches and other issues pertaining to inventorship because such discovery tools were not available in the prior actions as Kirk was not a named party.

8.     Illumina also disagrees that the Court may resolve Plaintiffs' claims for correction of inventorship through a mere hearing.  Instead, the Court should conduct a full bench trial, during which the parties may call and cross-examine witnesses and present oral arguments to the Court.

9.     Accordingly, in the event the Court denies Illumina's motion to dismiss, Illumina respectfully requests that the Court schedule a status conference to discuss these issues and the case schedule.

Dated: October 11, 2011 Respectfully submitted,

*/s/ Kimberly K. Dodd*
Jeffrey N. Costakos (WBN 1008225)
Kimberly K. Dodd (WBN 1044498)
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
414.271.2400

*Attorneys for Defendant Illumina, Inc.*