IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AFFYMETRIX, INC. and GREGORY L. KIRK,

                                 ORDER

                Plaintiffs,

                            11-cv-184-bbc

      v.

ILLUMINA, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A court trial is scheduled for May 14, 2012, in this case brought under 35 U.S.C. § 256 in which plaintiffs Affymetrix, Inc. and Gregory Kirk are seeking to correct U.S. Patents Nos. 7,510,841 and 7,612,020 to add Kirk as one of the inventors.  These patents are assigned to defendant Illumina, Inc. and disclose a method and an apparatus for conducting genetic testing using microarrays.  Plaintiffs contend that Kirk is a joint inventor because of information he disclosed in an email to one of the named inventors in March 1998, several months before the first patent application was filed for what later became the '841 and '020 patents.

Plaintiffs have filed a motion in limine to preclude defendant's expert Milan Mrksich from testifying at trial on the ground that none of the opinions in his expert report are

relevant or helpful.  Dkt. #65.  Plaintiffs divide Mrksich's report into three parts, each of which they say should be excluded:  (1) his opinion that Kirk did not contribute a "complete and operative invention"; (2) his opinion on Kirk's contribution to "decoding"; and (3) his opinion on "the organization and structure" of Kirk's March 1998 email.

With respect to the first opinion, plaintiffs say that Mrksich is relying on the standard for an invalidity defense under 35 U.S.C. § 102(f), which is not at issue in this case.  Eaton Corp. v. Rockwell International Corp., 323 F.3d 1332, 1344 (Fed. Cir. 2003) (§ 102(f) requires proof of "prior conception of the invention by another"); Creative Compounds, LLC v. Starmark Laboratories, 651 F.3d 1303, 1312 (Fed. Cir. 2011) ("Conception is the formation in the mind of the inventor of a definite and permanent idea of the complete and operative invention, as it is therefore to be applied in practice.").  In its opposition brief, defendant acknowledges that § 102(f) does not provide the standard and that plaintiffs do not need to prove that Kirk conceived of a "complete and operative invention."  In fact, both sides cite Pannu v. Iolab Corp., 155 F.3d 1344 (Fed. Cir. 1998), as setting forth the standard for determining inventorship under § 256:

> All that is required of a joint inventor is that he or she  (1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art.

2

Id. at 1351.   Although the court frames the test as three separate elements, there is significant overlap among them.   The first two elements seem to be slightly different ways of articulating the required contribution; the third element is an example of the type of contribution that is not sufficient.

Although defendant concedes that Mrkish cannot give an ultimate opinion regarding § 102(f), it argues that Mrksich's opinions regarding the deficiencies of Kirk's email are also relevant to showing that Kirk did not make a significant contribution to the invention, as required by § 256.   I agree.   Both statutes require a determination of inventorship, though § 102(f) may include additional elements.   Plaintiff Affymetrix acknowledged the similarity of the standards throughout the proceedings in Illumina, Inc. v. Affymetrix, Inc., Case Nos. 09-cv-277-bbc and 09-cv-655-bbc (W.D. Wis.), and sometimes treated the two as essentially interchangeable.   E.g., Case No. 09-cv-277-bbc, dkt. #217.   Thus, I see no prejudice to plaintiffs if Mrksich is permitted to testify regarding the significance of Kirk's contribution in the email, so long as Mrksich limits his specific criticisms to those included in his expert report.   Of course, plaintiffs are free to show on cross examination or with their own evidence that Mrsich's criticisms lack merit.

With respect to Mrksich's opinion on Kirk's contribution to "decoding," plaintiffs say that it is irrelevant because they are not claiming that Kirk contributed any ideas about decoding to the inventions.   In response, defendant says, "this issue is nonetheless crucial

3

to an understanding of Kirk's intellectual abilities in the field, as well as the circumstantial evidence surrounding his inventorship allegations from 2001 to the present." Dft.'s Br., dkt. #85, at 7.  Defendant wants Mrksich to be able to testify that "Kirk's decoding ideas are different from Illumina's decoding technology" and that "Kirk's decoding ideas would not even work." Id. at 7-8.

    Because plaintiffs are not claiming that Kirk contributed a "decoding" idea to the claimed inventions, I see little relevance to Mrksich's proposed testimony.  Defendant seems to want to show that Kirk's ideas about decoding are so bad that it calls into question his claim about other aspects of the invention, but defendant has not shown that the ideas are so closely related that the unsoundness of one idea means that the others are unsound as well.   Accordingly, I conclude that any relevance of this testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and waste of time. Fed. R. Evid. 403.

    With respect to Mrksich's opinion on the "organization and structure" of Kirk's March 1998 email, plaintiffs say that, in ¶¶ 10 and 11 of his report, Mrksich attempts to play "armchair psycholog[ist]" by speculating that Kirk did not come up with the ideas in the email simply from the word choices Kirk used and the way he organized his statements. Defendant does not respond to this argument, so I am granting this aspect of the motion as unopposed.  Of course, defendant remains free to cross examine Kirk about the way he wrote

4

the letter.

Finally, in defendant's response brief, it argues that Mrksich should be allowed to provide a "technical overview of the patents-in-suit and the claims at issue." Dft.'s Br., dkt. #85, at 8. Because plaintiffs did not raise this issue in their motion, I decline to consider it at this time.


ORDER

IT IS ORDERED that the motion in limine filed by plaintiffs Affymetrix, Inc. and Gregory Kirk is GRANTED IN PART. Milan Mrksich may not testify about the standard under 35 U.S.C. § 102(f), but he may give an opinion about whether Kirk qualifies as a joint inventor, so long as he limits his testimony to the information in his expert report. Mrksich may not offer an opinion regarding Kirk's ideas on "decoding" or on any inferences he drew from the organization of Kirk's March 1998 letter.

Entered this 9th day of May, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge